UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M.
Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

APRIL D. ROBINSON, DEBTOR

| | |
|---|---|
| Case No.: | 22-14158 RG |
| Chapter: | 13_____ |
| Adv. No.: | _____ |
| Hearing Date: | N/A |
| Judge: | Rosemary Gambardella |

## CERTIFICATION OF SERVICE

1. I, KENNETH RAYMOND :

   ☐ represent _____ in the this matter.

   ☒ am the secretary/paralegal for RAYMOND & RAYMOND, ESQS., HERBERT B.
   RAYMOND, ESQ., RECORD COUNSEL_, who represents the DEBTOR_ in the this matter.

   ☐ am the _____ in the this case and am representing myself.

2. On JUNE 23, 2022, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

   Amendment Transmittal Letter
   Chapter 13 Plan
   341a Notice
   Notice of Hearing on Confirmation
   Amended Schedule(s) And/Or List of Creditors
   Order Respecting Amendment

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:    JUNE 23, 2022                    /S/ KENNETH RAYMOND_
                                         Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| ALL CREDITORS AND/OR PARTIES IN INTEREST ON ATTACHED SCHEDULE(S) OR ATTACHED LIST | CREDITOR(S) | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____ |

# RAYMOND & RAYMOND
### Attorneys at Law

Herbert B. Raymond, Esq.
Jeffrey M. Raymond, Esq.
Kevin DeLyon, Esq.

7 Glenwood Avenue, 4th Fl., Ste. 408
East Orange, NJ 07017
Telephone (973) 675-5622
Facsimile (408) 519-6711
Email: herbertraymond@gmail.com
Website: www.bankruptcylaw123.com

June 23, 2022

To:

Marie-Ann Greenberg, Esq.
Chapter 13 Standing Trustee
30 Two Bridges Rd.
Fairfield, NJ 07004

All Parties In Interest/Creditor(s) on Attached Schedule(s)

        Re: April D. Robinson, Debtor(s)
            22-14158 RG
            Chapter 13

To whom it may concern:

        Enclosed please find:

                - Amended Schedule D
                - 341a Notice
                - Notice of Hearing on Confirmation
                - Order Respecting Amendment
                - Chapter 13 Plan

                                Very truly yours,
                                /S/ HERBERT B. RAYMOND
                                HERBERT B. RAYMOND, ESQ.

Encs.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **April D Robinson** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (if known) | **22-14158** |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:     List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral<br>that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| 2.1 **BAC Home Loan Servicing**<br>Creditor's Name | Describe the property that secures the claim: | $440,633.00 | $382,000.00 | $58,633.00 |

Describe the property that secures the claim:

**106 West Cherry Street Rahway, NJ 07065  Union County**
**Two family property.  Subject to mortgage and various judgement liens. Purchased in July of 2003, consideration $219,900.00.**

**PO Box 650070**
**Dallas, TX 75266**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)     Mortgage

Date debt was incurred _____     Last 4 digits of account number _____

Debtor 1  **April D Robinson** _____  Case number (if known)  **22-14158**

| Brief description of the property and the line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **403(b): 403B retirement savings plan through employer, Youth Advocate Programs, Inc.** Line from *Schedule A/B*: **21.1** | $16,000.00 | ☐ _____ ▣ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(12) |
| **Roth IRA Retirement savings plan: Roth IRA retirement savings plan** Line from *Schedule A/B*: **21.2** | $45,000.00 | ☐ _____ ▣ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(12) |
| **Child support/Spousal support: I am entitled to and is receiving child support benefits** Line from *Schedule A/B*: **29.1** | $0.00 | ▣ $0.00 ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(10)(D) |
| **Term life insurance through New York Life Insurance Company Beneficiary: My daughter** Line from *Schedule A/B*: **31.1** | $0.00 | ▣ $0.00 ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(7) |
| **Whole life insurance through New York Life Insurance Company Beneficiary: My daughter** Line from *Schedule A/B*: **31.2** | $1,897.50 | ▣ $1,897.50 ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(8) |
| **Whole life insurance through New York Life Insurance Company Beneficiary: My daughter** Line from *Schedule A/B*: **31.3** | $7,305.42 | ▣ $7,305.42 ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(8) |
| **Several days before the filing of the bankruptcy, I settled a personal injury action pending relating to a car accident that occurred in 2017. I am represented by the Law Office of Birkhold and Maider, LLC, with offices located at 198 Franklin Avenue, Nut** Line from *Schedule A/B*: **34.2** | $13,937.04 | ▣ $27,900.00 ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(11)(D) |

3.  **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

▣ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes

Debtor 1    **April D Robinson**                                    Case number (if known)    **22-14158**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **1021 Kenyon Avenue Plainfield, NJ 07060  Union County** **This is my principal residence.  I am a 25% owner of the property along with my mother and two sisters.  The property is subject to a mortgage. Purchased in August 2019, consideration$417,000.00.** Line from *Schedule A/B:* **1.3** | $143,000.00 | ■  $27,899.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| **2014 Kia Sorento 174,000 miles** **No lien.  Vehicle in good condition. Value as per Kelley Blue Book, June 2023.** Line from *Schedule A/B:* **3.1** | $4,613.00 | ■  $4,450.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| **2014 Kia Sorento 174,000 miles** **No lien.  Vehicle in good condition. Value as per Kelley Blue Book, June 2023.** Line from *Schedule A/B:* **3.1** | $4,613.00 | ■  $163.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **2013 GMC Terrain 50,000 miles** **No lien.  Vehicle in good condition. Value as per Kelley Blue Book, June 2023.  My daughter drives this vehicle.** Line from *Schedule A/B:* **3.2** | $10,224.00 | ■  $1,311.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Six rooms of miscellaneous used household goods** Line from *Schedule A/B:* **6.1** | $4,000.00 | ■  $4,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| **Three television sets , one laptop, one cellphone** Line from *Schedule A/B:* **7.1** | $800.00 | ■  $800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| **Everyday clothing** Line from *Schedule A/B:* **11.1** | $300.00 | ■  $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| **Miscellaneous used costume jewelery including but not limited to earrings, necklaces, rings, bracelets, necklaces and two watches** Line from *Schedule A/B:* **12.1** | $300.00 | ■  $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(4) |
| **Several used books , family pictures, wall pictures, miscellaneous cds and dvds** Line from *Schedule A/B:* **14.1** | $100.00 | ■  $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |

Official Form 106C            **Schedule C: The Property You Claim as Exempt**                    page 2 of 3

Case 22-14158-RG    Doc 17    Filed 06/23/22    Entered 06/23/22 09:43:50    Desc
Respecting amendment    Page 1 of 2
Document    Page 7 of 21
Form oresadoc − oresadocv27

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.: 22−14158−RG
Chapter: 13
Judge:  Rosemary Gambardella

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
April D Robinson
1021 Kenyon Avenue
Plainfield, NJ 07060

Social Security No.:
xxx−xx−6296

Employer's Tax I.D. No.:

---

## ORDER RESPECTING
## AMENDMENT TO SCHEDULE D, E/F, G OR H
## OR LIST OF CREDITORS

The Court having noted that the debtor filed an Amendment to Schedule H on 6/22/22 or to the List of Creditors on , and for good cause shown, it is

ORDERED that the debtor must provide notice of the Amendment to the creditor(s) or party(ies) being deleted, added or modified and to the trustee in the case, if any, not later than 7 days after the date of this Order.

It is further ORDERED that the debtor(s) must serve on added creditors or parties, not later than 7 days after the date of this Order, the following:

1.    A copy of the applicable Notice of Chapter 13 Bankruptcy Case, and

2.    In a Chapter 11 case:

    a)    a copy of the last modified plan and disclosure statement, if any, and

    b)    a copy of any order approving the adequacy of the disclosure statement and/or the scheduling of the plan for confirmation.

3.    In a Chapter 12 or Chapter 13 case:

    a)    a copy of the Notice of Hearing on Confirmation of Plan, if any, and

    b)    a copy of the last modified plan that has been filed in the case.

It is further ORDERED that not later than 7 days after the date of this Order, the debtor(s) must file the Local Form, Certification of Service, certifying compliance with the above requirements.

It is further ORDERED that the added creditors or parties have

1.    until the original deadline, if any, fixed by the court to file a complaint to object to the debtor's discharge or dischargeability of certain debts, or sixty 60 days from the date of this Order, whichever is later;

2.    until the original deadline, if any, fixed by the Court to file a proof of claim or required supplement,

or sixty 60 days from the date of this Order, whichever is later;

3.    until the original deadline fixed by the Court to object to exemptions, or thirty 30 days from the date of this Order, whichever is later.

Dated: June 23, 2022
JAN: wdh

Rosemary Gambardella
United States Bankruptcy Judge

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 5 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

APRIL D. ROBINSON,

Debtor(s)

Case No.: _____22-14158 RG_____

Judge: _____Rosemary Gambardella_____

## Chapter 13 Plan and Motions

☒ Original          ☐ Modified/Notice Required          Date: _____JUNE 22, 2022_____

☒ Motions Included          ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

---

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____HR_____          Initial Debtor: _____AR_____          Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a.  The debtor shall pay $ _____**_____ per _____MONTH_____ to the Chapter 13 Trustee, starting on _____JUNE OF 2022_____ for approximately _____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐   Sale of real property
Description:

Proposed date for completion: _____

☐   Refinance of real property:
Description:
Proposed date for completion: _____

☐   Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:

** i. $400 per month, starting in June of 2022, through and including May of 2023 (12 Months)
   ii. $1,100 per month, starting in June of 2023, for a period of forty-eight (48) months

Increase in plan payments largely premised on additional rental income from Grandview property.

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

  a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,800 |
| DOMESTIC SUPPORT OBLIGATION | | |

  b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

    ☒ None

    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

Case 22-14158-RG    Doc 15    Filed 06/22/22    Entered 06/22/22 14:41:46    Desc Main
Document    Page 4 of 10

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|----------------------------|-----------|----------------------------|------------------------------------------|-----------------------------------------|
|          |                            |           |                            |                                          |                                         |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|----------------------------|-----------|----------------------------|------------------------------------------|-----------------------------------------|
| PHH MORTGAGE/NEW REZ | MORTGAGE ARREARS RE: 86 GRANDVIEW AVENUE, NORTH PLAINFIELD, NEW JERSEY | $56,000 est. | N/A | $56,000 | Cont'd payments by the Debtor directly to PHH/New Rez, re-starting 6-1-2022 |

### c.  Secured claims excluded from 11 U.S.C. 506:  ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use.of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|------------------|------------|---------------|-----------------|-------------------------------------------------------------------|
|                  |            |               |                 |                                                                   |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES**
**the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Einhorn, Harris, et. al. New Century Financi New Century Financi New Century Financi Wardlaw Hartridge School | Judgment liens against 106 W. Cherry and 86 Grandview | $100,000 $6,282 $5,884 $2,327 $11,818 | $382,000 as to West Cherry $384,900 as to Grandview | Bank of America iao $440,663 as to W. Cherry PHH/New Rez iao $494,271 as to Grandview | No Value No Value | N/A N/A | No Value No Value |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 is terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

i. Bank of America, direct payments by the Debtor, no arrears, regarding mortgage encumbering real property located at 106 W. Cherry Street, Rahway, New Jersey.  Loan was modified (FHA Mortgage), before filing.  Continued payments by the Debtor, directly to Bank of America, no arrears.

ii. Rocket Mortgage/Quicken, direct payments by the Debtor, no arrears, regarding mortgage encumbering property located at 1021 Kenyon Avenue, Plainfield, New Jersey.  Continued payments by the Debtor, directly to Rocket Mortgage/Quicken, no arrears.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims** ☐ **NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| Federal Loan Service PO Box 69184 Harrisburg PA 17106-0000 | Student Loans, Non-dischargeable obligations. | Direct payments by the Debtor and/or forbearance and/or payments per income sensitive repayment plan.  No payments by the Trustee.  The Trustee is not to make payment on the student loan obligation(s) | No payments by the Trustee.  Direct payments by the Debtor.  Trustee is not to pay the obligation (s).  Direct payments to the student loan provider (s), and/or forbearance or payment per income sensitive plan. |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:    Motions  ☐ NONE

NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Einhorn, Harris, et. al. New Century Financial<br><br>New Century Financial<br><br>New Century Financial<br><br>Wardlaw Hartridge School | Judgment liens against 106 W. Cherry and 86 Grandview regarding all judgments | $100,000<br><br>$6,282<br><br>$5,884<br><br>$2,327<br><br>$11,818 | $382,000 as to West Cherry<br><br>$384,900 as to Grandview | Bank of America iao $440,663 as to W. Cherry<br><br>PHH/New Rez iao $494,271 as to Grandview | No Value as to All Judgments | Entire Judgment Lien Regarding All Judgments. Note: No Personal Liability, Personal Liability Discharged in Earlier Chapter 7 Bankruptcy |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees and Supp.  Counsel Fees (Fully Paid before other claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9:   Modification ☒ NONE |
| --- |

**NOTE: Modification of a plan does not require that a separate motion be filed.  A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| --- | --- |
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes    ☒  No

## Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: JUNE 15, 2022 _____     /S/ APRIL ROBINSON _____
                                            Debtor

Date: _____                   _____
                                            Joint Debtor

Date: JUNE 15, 2022   .   _____     /S/ HERBERT B. RAYMOND, ESQ.   .
                                            Attorney for Debtor(s)

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | April D Robinson | | Social Security number or ITIN:  xxx–xx–6296 |
| | First Name    Middle Name    Last Name | | EIN:  __–_____ |
| Debtor 2: (Spouse, if filing) | First Name    Middle Name    Last Name | | Social Security number or ITIN:  ____<br>EIN:  __–_____ |
| United States Bankruptcy Court: | District of New Jersey | | Date case filed for chapter:    13    5/24/22 |
| Case number: | 22–14158–RG | | |

Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

10/20

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | April D Robinson | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 1021 Kenyon Avenue<br>Plainfield, NJ 07060 | |
| 4. | Debtor's attorney<br>Name and address | Herbert B. Raymond<br>7 Glenwood Ave<br>Suite #408<br>4th Floor<br>East Orange, NJ 07017 | Contact phone 973–675–5622<br><br>Email:  herbertraymond@gmail.com |
| 5. | Bankruptcy trustee<br>Name and address | Marie–Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd<br>Suite 330<br>Fairfield, NJ 07004–1550 | Contact phone 973–227–2840<br>www.magtrustee.com |
| 6. | Bankruptcy clerk's office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov.<br>(800) 676–6856 | MLK Jr Federal Building<br>50 Walnut Street<br>Newark, NJ 07102<br>Additional information may be available at the Court's Web Site:<br>www.njb.uscourts.gov | Hours open: 8:30 AM – 4:00 p.m., Monday – Friday (except holidays)<br>Contact phone 973–645–4764<br>Date: 5/25/22 |

For more information, see page 2

Debtor April D Robinson

Case number **22–14158–RG**

| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend.<br>Creditors may attend, but are not required to do so.<br><br>All individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed. | **June 21, 2022 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>THE LOCATION, DATE AND TIME OF THE MEETING OF CREDITORS IS SUBJECT TO CHANGE. DEBTORS, PLEASE CONSULT WITH YOUR COUNSEL. SELF REPRESENTED DEBTORS AND ALL PARTIES IN INTEREST, PLEASE REFER TO THE TRUSTEE WEBSITE AT www.magtrustee.com |
|---|---|---|
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 8/22/22 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 8/2/22 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 180 days from date of order for relief.<br>11 U.S.C. § 502(b)(9) |
| | **Deadlines for filing proof of claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form ("Official Form 410") may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You may also contact the Clerk's Office where this case is pending to request that a Proof of Claim form be mailed to you. The Clerk's Office telephone number is included on the front of this Notice. Also, Claims can be filed electronically through the court's website at: http://www.njb.uscourts.gov under File An Electronic Claim.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has not filed a plan as of this date. A copy of the plan and a notice of the hearing on confirmation will be sent to you separately. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline.<br><br>**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.** | |

Official Form 309I

Notice of Chapter 13 Bankruptcy Case

page 2

 **Gmail**

Herbert Raymond <herbertraymond@gmail.com>

---

## Ch-13 22-14158-RG Confirmation Hearing Scheduled - April D Robinson
1 message

---

**cmecf_help_desk@njb.uscourts.gov** <cmecf_help_desk@njb.uscourts.gov>
To: no-reply@njb.uscourts.gov

Thu, Jun 23, 2022 at 9:41 AM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

### U.S. Bankruptcy Court

### District of New Jersey

Notice of Electronic Filing

The following transaction was received from wdh entered on 6/23/2022 at 9:41 AM EDT and filed on 6/23/2022
**Case Name:**      April D Robinson
**Case Number:**    22-14158-RG
**Document Number:**

**Docket Text:**
Confirmation Hearing Scheduled (related document:[15] Chapter 13 Plan and Request for Valuation of Security. Filed by Herbert B. Raymond on behalf of April D Robinson.). Confirmation hearing to be held on 8/3/2022 at 08:30 AM at RG - Courtroom 3E, Newark. Last day to Object to Confirmation 7/27/2022. (wdh)

The following document(s) are associated with this transaction:

**22-14158-RG Notice will be electronically mailed to:**

Denise E. Carlon on behalf of Creditor Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc.
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Marie-Ann Greenberg
magecf@magtrustee.com

Douglas J. McDonough on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-76, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-76
dmcdonough@flwlaw.com

Sindi Mncina on behalf of Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Produc
smncina@raslg.com

Herbert B. Raymond on behalf of Debtor April D Robinson
herbertraymond@gmail.com, raymondmail@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com;herbertraymond5967@yahoo.com;raymondlaw5622@gmail.com;courtemails789@gmail.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**22-14158-RG Notice will not be electronically mailed to:**