UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M.
Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

APRIL D. ROBINSON, DEBTOR

| | |
|---|---|
| Case No.: | 22-14158 RG |
| Chapter: | 13_____ |
| Adv. No.: | _____ |
| Hearing Date: | 8/3/2022 @ 8:30 A.M. |
| Judge: | Rosemary Gambardella, U.S.B.J. |

## CERTIFICATION OF SERVICE

1.  I, KENNETH M. RAYMOND :

   ☐ represent  _ in the this matter.

   ☒ am the secretary/paralegal for  Raymond & Raymond, Esqs., Herbert B. Raymond, Esq.,

   Record Counsel_, who represents the Debtor_ in the this matter.

   ☐ am the _____ in the this case and am representing myself.

2.     On JULY 3, 2022, I sent a copy of the following pleadings and/or documents to the parties listed
   in the chart below.

   Chapter 13 Plan
   Chapter 13 Transmittal Letter as to 106 W. Cherry, Rahway, New Jersey
   Chapter 13 Transmittal Letter as to 86 Grandview Avenue, North Plainfield, New Jersey
   Real Property Appraisal 106 W. Cherry, Rahway, New Jersey
   Real Property Appraisal 86 Grandview Avenue, North Plainfield, New Jersey

3.     I certify under penalty of perjury that the above documents were sent using the mode of service
   indicated.

Date:   JULY 3, 2022                          /S/ KENNETH M. RAYMOND_

Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Einhorn, Barbarito, Frost & Botwinick, PC<br>165 East Main Street<br>Denville, New Jersey 07834 | JUDGMENT LIEN CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| New Century Financial<br>110 S. Jefferson Rd., Ste. 104<br>Whippany, NJ 07891 | JUDGMENT LIEN CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Wardlaw Hartridge School<br>1295 Inman Avenue<br>Edison, NJ 08820 | JUDGMENT LIEN CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Stark & Stark<br>993 Lenox Drive, Bldg. 2<br>PO Box 5315<br>Princeton, NJ 08543-5315 | State Court Attorneys for Wardlaw Hartridge School | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _<br>(as authorized by the court *) |
| Pressler and Pressler<br>7 Entin Rd.<br>Parsippany, NJ 07054 | State Court Attorneys for New Century Financial Services, Inc. as to All Three New Century Financial Services, Inc. Judgments | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond, Esq.;
Kevin L. DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

APRIL D. ROBINSON, DEBTOR(S)

Case No.:        22-14158 RG

Hearing Date:   8/3/2022 8:30 a.m.

Judge:          Gambardella

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☒ plan, ☐ modified plan is proposed by the debtor and was filed on
_____JUNE 22, 2022_____. It has been served on you because the plan contains motions
that may adversely affect your interest.

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This
Plan may be confirmed and become binding, and included motions may be granted without further
notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court
may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy
Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification
may take place solely within the chapter 13 confirmation process. The plan confirmation order alone
will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to
avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien
creditor who wishes to contest said treatment must file a timely objection and appear at the
confirmation hearing to prosecute same.

☒ **Real Property:**

The debtor(s) has valued real property located at 86 Grandview Avenue, North
Plainfield, New Jersey_____ [address] at $_____375,000_____. The
debtor(s) believes the first lien on the property to be in the approximate amount of $____494,271

*[insert other liens as appropriate]*. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☐ **Personal Property:**

The debtor(s) has valued personal property described as: _____
_____ at $_____.
The debtor(s) believes the lien on the property to be in the approximate amount of $_____
*[insert other liens as appropriate]*. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

The Confirmation Hearing is scheduled for _____ AUGUST 3, 2022 @ 8:30 A.M. _____. Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

BL 49  LOT 7

## REAL ESTATE VALUE ESTIMATE

**SUBJECT**

| | |
|---|---|
| Contact  APRIL ROBINSON | Census Tract 517.00    Map Reference DIGITAL |
| Property Address  86 GRANDVIEW AVE | Check one:  ☐ SF  ☐ PUD  ☐ CONDO  ☒ 2-4 Units |
| City   North Plainfield | County SOMERSET    State NJ    Zip Code  07060 |
| Phone No. Res.  N/A    Loan Amount $  N/A    Term  N/A | Mos. Owner's Est. of Value $  N/A |

| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area | Garage/Carport (specify type & no.) | Porches, Patio or Pool (specify) | Central Air |
|---|---|---|---|---|---|---|---|
| 7 | 2 | 2 | ☒ Yes ☐ No | 1,410  Sq. Ft. | none | porch | ☐ Yes ☒ No |

**FIELD REPORT**

**NEIGHBORHOOD**

| | | | | | Good Avg Fair Poor |
|---|---|---|---|---|---|
| Location | ☐ Urban | ☒ Suburban | ☐ Rural | Property Compatibility | ☐ ☒ ☐ ☐ |
| Built Up | ☒ Over 75% | ☐ 25% to 75% | ☐ Under 25% | General Appearance of Properties | ☐ ☒ ☐ ☐ |
| Growth Rate ☒ Fully Dev. | ☐ Rapid | ☐ Steady | ☐ Slow | Appeal to Market | ☐ ☒ ☐ ☐ |
| Property Values | ☒ Increasing | ☐ Stable | ☐ Declining | | |
| Demand/Supply | ☒ Shortage | ☐ In Balance | ☐ Oversupply | | |
| Marketing Time | ☒ Under 3 Mos. | ☐ 4-6 Mos. | ☐ Over 6 Mos. | | |

Present Land Use   70% 1 Family    5 % 2-4 Family    5 % Apts.    5 % Condo   15% Commercial    % Industrial    % Vacant    %

| | | | |
|---|---|---|---|
| Change in Present Land Use | ☒ Not Likely | ☐ Likely | ☐ Taking Place Now    To |
| Predominant Occupancy | ☒ Owner | ☒ Tenant | -5 % Vacant |

S/F Price Range $  200,000  to $  600,000+    $  375,000  = Predominant Value

S/Family Age    1   yrs. to 125+  yrs.  Predominant Age    80    yrs.

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)   THE SUBJECT IS LOCATED IN A NEIGHBORHOOD WITH MIXED STYLE DWELLINGS, ADEQUATE ACCESS TO SCHOOLS, LOCAL SHOPPING AND PUBLIC TRANSPORTATION.

**SUBJECT PROPERTY**

Approx. Yr. Blt. 19 09  # Units  2    # Stories THREE

| PROPERTY RATING | Good | Avg | Fair | Poor |
|---|---|---|---|---|
| Condition of Exterior | ☐ | ☒ | ☐ | ☐ |
| Compatibility to Neighborhood | ☐ | ☒ | ☐ | ☐ |
| Appeal and Marketability | ☐ | ☒ | ☐ | ☐ |

Type (det. duplex, semi/det. etc.)   DETACHED

Design (rambler, split, etc.)   2 FAMILY

Exterior Wall Mat.   ALUMINUM    Roof Mat.  ASPHALT

Is the property in a HUD-identified Special Flood Haz. Area?  ☒ No  ☐ Yes

Special Energy-Effic. Items   TYPICAL FOR AREA

Comments (favorable or unfavorable incl. deferred maintenance)   QUALITY OF CONSTRUCTION CONSIDERED AVERAGE. PORCH, UNF BSMT, FINISHED ATTIC (unheated) sections of the subject's trim, and porch need some repairs

**MARKET COMPARABLE ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 86 GRANDVIEW AVE  North Plainfield | 39 Lincoln Pl  North Plainfield | | 304-306 Watchung Ave  North Plainfield | | 271-273 Manning Ave  North Plainfield | |
| Proximity to Subj. | | 0.42 miles S | | 0.38 miles W | | 0.44 miles NE | |
| Sales Price | $ | $ 346,500 | | $ 345,420 | | $ 445,000 | |
| Date of Sale and | DESCRIPTION | DESCRIPTION | +(–)$ Adjust. | DESCRIPTION | +(–)$ Adjust. | DESCRIPTION | +(–)$ Adjust. |
| Time Adjustment | | 01/31/2022 | | 12/10/2021 | | 01/10/2022 | |
| Location | average | average | | avg. traffic, flood | +10,000 | average | |
| Site/View | .10 ACRE/AVG | .06 ACRE/AVG | | .13 ACRE/AVG | | .17 ACRE/AVG | |
| Age | 113 | 122 | | 98 | | 98 | |
| Condition | average | average | | average | | average | |
| Living Area Rm. | Total  B-rms.  Baths | Total  B-rms.  Baths | | Total  B-rms.  Baths | | Total  B-rms.  Baths | |
| Count and Total | 7  2  2 | 8  4  2 | | 10  4  2 | | 8  4  2 | |
| Gross Living Area | 1,410  Sq. Ft. | 1,680  Sq. Ft. | -9,000 | 1,604  Sq. Ft. | -7,000 | 1,608  Sq. Ft. | -7,000 |
| Air Conditioning | NONE | NONE | | NONE | | NONE | |
| Garage/Carport | none | driveway | -3,000 | 1 car/driveway | -6,000 | driveway | -3,000 |
| Porches, Patio, | porch | porch | | porch, deck | -3,000 | porch, deck | -3,000 |
| Pools, etc. | finished attic | none | +5,000 | none | +5,000 | finished attic | |
| Special Energy-Efficient Items | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Other | unf bsmt | unf bsmt | | unf bsmt | | fin bsmt | -5,000 |
| Net Adjust (Total) | | ☐ + ☒ –  $ | -7,000 | ☐ + ☒ –  $ | -1,000 | ☐ + ☒ –  $ | -18,000 |
| Indicated Value Sub. | | $ | 339,500 | $ | 344,420 | $ | 427,000 |

General Comments  see addendum

Completed By  JOHN MACK

Signature  *John Mack*

[Y2K]

Estimated Value $  375,000  as of    JUNE 25, 2022

Title NJLRA 42RA00320500

Date   07/02/2022

Mack Appraisal Service
Form RVE - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

### Supplemental Addendum

File No. BL 49  LOT 7

| | | | | | | |
|---|---|---|---|---|---|---|
| Borrower/Client | APRIL ROBINSON | | | | | |
| Property Address | 86 GRANDVIEW AVE | | | | | |
| City | North Plainfield | County | SOMERSET | State | NJ | Zip Code | 07060 |
| Lender | APRIL ROBINSON | | | | | |

INTENDED USER:  THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND OR ACCOUNTANT AND ANY THIRD PARTIES.

INTENDED USE:  THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THE SUBJECT TO DETERMINE FAIR MARKET VALUE FOR A LEGAL MATTER, BANKRUPTCY.

SCOPE OF WORK:  THE SALES COMPARISON APPROACH TO VALUE WAS USED IN THIS REPORT.  THIS METHOD BEST INDICATES ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY.  THE COST APPROACH TO VALUE WAS NOT UTILIZED DUE TO A LACK OF ADEQUATE LAND SALES TO DEVELOP THE SITE VALUE.  THE INCOME APPROACH TO VALUE WAS CALCULATED BASED ON AVAILABLE RENTAL DATA.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT ZONING.  THE LOT SIZE, SHAPE, PHYSICAL CONDITION AND LAND TO BUILDING RATIO ALLOW THE PRESENT STRUCTURE AND INDICATE A GOOD UTILIZATION OF THE IMPROVEMENTS.  BASED ON CURRENT MARKET CONDITIONS, THE PRESENT USE AND STRUCTURE AS A TWO FAMILY RESIDENCE IS ITS FINANCIALLY FEASIBLE AND MAXIMALLY PRODUCTIVE USE.   THE SUBJECT IS LOCATED IN AN R-3 ZONE.  (1 and 2 family residential, minimum lot size 7,500 sq feet for 2 family dwellings, the subject's current use is legal nonconforming, grandfathered use)

INCOME APPROACH:  BASED ON A REVIEW OF CURRENT RENTAL DATA IN THIS SPECIFIC MARKET THE TOTAL ESTIMATED GROSS MONTHLY RENT $2,700 X GROSS RENT MULTIPLIER (GRM) 140 = $378,000. (comparable rental data reviewed from the Garden State mls)

ADJUSTMENT BASED ON $4,000 PER FULL BATH.  GLA BASED ON $35 PER SQUARE FOOT AND ROUNDED.  ALL SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

THE SUBJECT HAS NOT BEEN SOLD IN THE LAST 36 MONTHS.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

| | | |
|---|---|---|
| Signature | *John Mack* | Signature |
| Name  JOHN MACK | | Name |
| Date Signed   07/02/2022 | | Date Signed |
| State Certification # | State | State Certification # | State |
| Or State License #   42RA00320500 | State NJ | Or State License # | State |

Form TADD2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**Subject flood map – Page 1**



REALIST                                APN 14-00049-0000-00007 | CLIP 3730499241

📍 86 Grandview Ave, North Plainfield, NJ 07060-4125, Somerset County

**STANDARD FLOOD MAP**

| | |
|---|---|
| Special Flood Hazard Area (SFHA) | Out |
| Community Participation Status | R - Regular |
| Within 250 feet of multiple flood zone | No |
| Flood Zone Panel | 345307-0093 |
| Flood Zone Code | X |
| Panel Date | September, 28, 2007 |
| County | Somerset |
| Original Panel Firm Date | August, 20, 1971 |
| FIPS Code | 34035 |
| Coastal Barrier Resource Area (CBRA) | Out |
| Community Name | North Plainfield, Borough Of |

Flood Map   Courtesy of John Madi, NJMLS
The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 07/02/22 10:32 PM UTC
Page 1/2

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**Subject flood map – Page 2**

 **GLOSSARY**

 ### Flood Zone Determination

This report provides flood zone information based on the FEMA Flood Insurance Rate Maps(FIRMs). Also provides whether the property location is within a Special Flood Hazard Area (SFHA) and whether the property location is within 250 feet of the SFHA.

### SFHA (Flood Zone)
Indicates whether the property location is In or Out of a Special Flood Hazard Area (100- Year floodplain).

### Panel
Two-to-four-digit number and suffix assigned by FEMA for the map panel.

### Within 250 Feet of Flood Zone
Provides a Yes or No response if the property is within 250 feet of the SFHA boundary.

### Panel Date
Date of the FEMA map panel.

### Community
A 6-digit community number code for the community.

### CBRA
Coastal Barrier Resource Act (CBRA) protects areas that serve as barriers against wind and tidal forces caused by coastal storms, and serves as habitat for aquatic species.Returns In or Out, for identifying whether the property is located within a CBRA zone.

### Community Name
Name of the community.

### Flood Zone
Flood zone for the property location based on the FEMA FIRM.

### Map Number
FEMA Map Number for the Flood Insurance Rate Map.

### FIPS Code
The five-digit state and county FIPS code.

**Flood Map**  Courtesy of John Mack, NJMLS

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality. This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 07/02/22 10:32 PM UTC
Page 2/2

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. BL 49   LOT 7

**DEFINITION OF MARKET VALUE:**   The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.   Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.   (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

   * Adjustments to the comparables must be made for special or creative financing or sales concessions.   No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.   Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.   Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**  The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.   The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.   The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.   The property is valued on the basis of it being under responsible ownership.

2.   Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.   The appraiser has made no survey of the property.

3.   The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4.   Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5.   The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.   This appraisal report must not be considered an environmental assessment of the subject property.

6.   The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.   The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7.   The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8.   The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9.   The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.   The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10.   The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.   This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. BL 49   LOT 7

**CERTIFICATION:**   The appraiser certifies and agrees that:

1.   The statements of fact contained in this report are true and correct.

2.   The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial and unbiased professional analyses, opinions, and conclusions.

3.   Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

4.   Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.   I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.   My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.   My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.   My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.   Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.   Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

**ADDRESS OF PROPERTY ANALYZED:**   86 GRANDVIEW AVE, North Plainfield, NJ 07060

**APPRAISER:**

| | |
|---|---|
| Signature: | **SUPERVISORY or CO-APPRAISER (if applicable):** |
| Name:   JOHN MACK | Signature: |
| Title: | Name: |
| State Certification #: | Title: |
| or State License #:   42RA00320500 | State Certification #: |
| State:   NJ     Expiration Date of Certification or License:   12/31/2023 | or State License #: |
| Date Signed:   07/02/2022 | State:     Expiration Date of Certification or License: |
| | Date Signed: |
| | ☐ Did    ☐ Did Not   Inspect Property |

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

| Borrower/Client | APRIL ROBINSON | | | | | File No. BL 49  LOT 7 | |
|---|---|---|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | | | | |
| City | North Plainfield | | County | SOMERSET | State | NJ | Zip Code | 07060 |
| Lender | APRIL ROBINSON | | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Report is one of the following types:

[X] Appraisal Report    (A written report prepared under Standards Rule 2-2(a), pursuant to the Scope of Work, as disclosed elsewhere in this report.)

[ ] Restricted Appraisal Report    (A written report prepared under Standards Rule 2-2(b), pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

## Reasonable Exposure Time    (USPAP defines Exposure Time as the estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)

My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is:    WITHIN 3 MONTHS
FOR REALISTICALLY PRICED PROPERTIES.

## Comments on Appraisal and Report Identification

Note any USPAP related issues requiring disclosure and any State mandated requirements:
Prior services - The appraiser of this report, has not provided any prior services for the subject property in the 36 months prior to the effective date of the report.

**APPRAISER:**

Signature: *John Mack*
Name: JOHN MACK
State Certification #:
or State License #: 42RA00320500
State: NJ    Expiration Date of Certification or License: 12/31/2023
Date of Signature and Report: 07/02/2022
Effective Date of Appraisal: JUNE 25, 2022
Inspection of Subject: [ ] None  [X] Interior and Exterior  [ ] Exterior-Only
Date of Inspection (if applicable): JUNE 25, 2022

**SUPERVISORY or CO-APPRAISER (if applicable):**

Signature:
Name:
State Certification #:
or State License #:
State:    Expiration Date of Certification or License:
Date of Signature:
Inspection of Subject: [ ] None  [ ] Interior and Exterior  [ ] Exterior-Only
Date of Inspection (if applicable):

## Subject Photo Page

| Borrower/Client | APRIL ROBINSON | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | | | |
| City | North Plainfield | County | SOMERSET | State NJ | Zip Code | 07060 |
| Lender | APRIL ROBINSON | | | | | |



### Subject Front

86 GRANDVIEW AVE
Sales Price
Gross Living Area     1,410
Total Rooms     7
Total Bedrooms     2
Total Bathrooms     2
Location     average
View     .10 ACRE/AVG
Site
Quality
Age     113



### Subject Rear



### Subject Street

## Subject Photo Page

| Borrower/Client | APRIL ROBINSON | | | | |
|---|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | | |
| City | North Plainfield | County SOMERSET | | State NJ | Zip Code 07060 |
| Lender | APRIL ROBINSON | | | | |



### Subject Front

86 GRANDVIEW AVE
Sales Price
Gross Living Area    1,410
Total Rooms          7
Total Bedrooms       2
Total Bathrooms      2
Location             average
View                 ,10 ACRE/AVG
Site
Quality
Age                  113



### Subject Rear Yard



### Subject Street

### Subject Photo Page

| Borrower/Client | APRIL ROBINSON | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | | | | |
| City | North Plainfield | County | SOMERSET | State | NJ | Zip Code | 07060 |
| Lender | APRIL ROBINSON | | | | | | |



**Subject Exterior**

| | |
|---|---|
| 86 GRANDVIEW AVE | |
| Sales Price | |
| Gross Living Area | 1,410 |
| Total Rooms | 7 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2 |
| Location | average |
| View | .10 ACRE/AVG |
| Site | |
| Quality | |
| Age | 113 |



**Subject Exterior**



**Subject Exterior**

**Subject Photo Page**

| Borrower/Client | APRIL ROBINSON | | | | |
|---|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | | |
| City | North Plainfield | County SOMERSET | | State NJ | Zip Code 07060 |
| Lender | APRIL ROBINSON | | | | |



**Subject Exterior**

86 GRANDVIEW AVE

| Sales Price | |
|---|---|
| Gross Living Area | 1,410 |
| Total Rooms | 7 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2 |
| Location | average |
| View | .10 ACRE/AVG |
| Site | |
| Quality | |
| Age | 113 |



**Subject Exterior**



**Subject Exterior**

**Interior Photos**

| Borrower/Client | APRIL ROBINSON | | | | |
|---|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | | |
| City | North Plainfield | County SOMERSET | | State NJ | Zip Code 07060 |
| Lender | APRIL ROBINSON | | | | |







unit 1              unit 1              unit 1







unit 1              unit 1              unit 2







unit 2              unit 2              unit 2







basement            basement            basement



basement

## Comparable Photo Page

| | |
|---|---|
| Borrower/Client | APRIL ROBINSON |
| Property Address | 86 GRANDVIEW AVE |
| City | North Plainfield |
| Lender | APRIL ROBINSON |

| | | | | |
|---|---|---|---|---|
| County | SOMERSET | State | NJ | Zip Code   07060 |



### Comparable 1

| | |
|---|---|
| 39 Lincoln Pl | |
| Prox. to Subject | 0.42 miles S |
| Sale Price | 346,500 |
| Gross Living Area | 1,680 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | average |
| View | .06 ACRE/AVG |
| Site | |
| Quality | |
| Age | 122 |



### Comparable 2

| | |
|---|---|
| 304-306 Watchung Ave | |
| Prox. to Subject | 0.38 miles W |
| Sale Price | 345,420 |
| Gross Living Area | 1,604 |
| Total Rooms | 10 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | avg, traffic, flood |
| View | .13 ACRE/AVG |
| Site | |
| Quality | |
| Age | 98 |



### Comparable 3

| | |
|---|---|
| 271-273 Manning Ave | |
| Prox. to Subject | 0.44 miles NE |
| Sale Price | 445,000 |
| Gross Living Area | 1,608 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | average |
| View | .17 ACRE/AVG |
| Site | |
| Quality | |
| Age | 98 |

## Location Map

| Borrower/Client | APRIL ROBINSON | | | |
|---|---|---|---|---|
| Property Address | 86 GRANDVIEW AVE | | | |
| City | North Plainfield | County SOMERSET | State NJ | Zip Code 07060 |
| Lender | APRIL ROBINSON | | | |



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond, Esq.;
Kevin L. DeLyon, Esq.
Attorneys for the Debtor(s)

_____

In Re:

APRIL D. ROBINSON, DEBTOR(S)

| | |
|---|---|
| Case No.: | 22-14158 RG |
| Hearing Date: | 8/3/2022 8:30 a.m. |
| Judge: | Gambardella |

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☒ plan, ☐ modified plan is proposed by the debtor and was filed on
_____JUNE 22, 2022_____. It has been served on you because the plan contains motions
that may adversely affect your interest.

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This
Plan may be confirmed and become binding, and included motions may be granted without further
notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court
may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy
Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification
may take place solely within the chapter 13 confirmation process. The plan confirmation order alone
will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to
avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien
creditor who wishes to contest said treatment must file a timely objection and appear at the
confirmation hearing to prosecute same.

☒ **Real Property:**

The debtor(s) has valued real property located at 108 W. Cherry Street, Rahway
New Jersey 07065_____ [address] at $_____400,000_____. The
debtor(s) believes the first lien on the property to be in the approximate amount of $____440,663

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☐ **Personal Property:**

The debtor(s) has valued personal property described as: _____
_____ at $_____.
The debtor(s) believes the lien on the property to be in the approximate amount of $_____
[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

The Confirmation Hearing is scheduled for _____ AUGUST 3, 2022 @ 8:30 A.M. _____. Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

BL 148  LOT 16

## REAL ESTATE VALUE ESTIMATE

**SUBJECT**

| | | | |
|---|---|---|---|
| Contact: APRIL ROBINSON | | Census Tract 359.00 | Map Reference DIGITAL |
| Property Address 106 W CHERRY ST | | Check one: ☐ SF ☐ PUD ☐ CONDO ☒ 2-4 Units | |
| City RAHWAY | County UNION | State NJ | Zip Code 07065 |
| Phone No. Res. N/A | Loan Amount $ N/A | Term N/A | Mos. Owner's Est. of Value $ N/A |

| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area | Garage/Carport (specify type & no.) | Porches, Patio or Pool (specify) | Central Air |
|---|---|---|---|---|---|---|---|
| 9 | 4 | 2.1 | ☒ Yes ☐ No | 1,764 Sq. Ft. | none | none | ☐ Yes ☒ No |

**NEIGHBORHOOD**

| | | | | |
|---|---|---|---|---|
| Location | ☐ Urban | ☒ Suburban | ☐ Rural | |
| Built Up | ☒ Over 75% | ☐ 25% to 75% | ☐ Under 25% | |
| Growth Rate ☒ Fully Dev. | ☐ Rapid | ☐ Steady | ☐ Slow | |
| Property Values | ☒ Increasing | ☐ Stable | ☐ Declining | |
| Demand/Supply | ☒ Shortage | ☐ In Balance | ☐ Oversupply | |
| Marketing Time | ☒ Under 3 Mos. | ☐ 4-6 Mos. | ☐ Over 6 Mos. | |

| | | | |
|---|---|---|---|
| Property Compatibility | Good ☐ Avg ☒ Fair ☐ Poor ☐ |
| General Appearance of Properties | Good ☐ Avg ☒ Fair ☐ Poor ☐ |
| Appeal to Market | Good ☐ Avg ☒ Fair ☐ Poor ☐ |

Present Land Use  30% 1 Family  30 % 2-Family  10 % 4 Apts.  5 % Condo  25% Commercial  % Industrial  % Vacant  %

| | | | |
|---|---|---|---|
| Change in Present Land Use | ☒ Not Likely | ☐ Likely | ☐ Taking Place From _____ To _____ |
| Predominant Occupancy | ☒ Owner | ☒ Tenant | -5 % Vacant |

S/F Price Range $ 200,000 to $ 600,000+  $ 400,000 = Predominant Value

S/Family Age  1  yrs. to 150+  yrs.  Predominant Age  80  yrs.

**FIELD REPORT**

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)  THE SUBJECT IS LOCATED IN A NEIGHBORHOOD WITH MIXED STYLE DWELLINGS.  ADEQUATE ACCESS TO SCHOOLS, LOCAL SHOPPING AND PUBLIC TRANSPORTATION.

**SUBJECT PROPERTY**

| | |
|---|---|
| Approx. Yr. Blt. 19 00  # Units 2  # Stories TWO | |
| Type (det, duplex, semi/det. etc.)  DETACHED | |
| Design (rambler, split, etc.)  2 FAMILY | |
| Exterior Wall Mat.  VINYL, ALUM  Roof Mat.  ASPHALT | |
| Is the property in a HUD-identified Special Flood Haz. Area?  ☒ No  ☐ Yes | |
| Special Energy-Effic. items  TYPICAL FOR AREA | |

| PROPERTY RATING | Good | Avg | Fair | Poor |
|---|---|---|---|---|
| Condition of Exterior | ☐ | ☒ | ☐ | ☐ |
| Compatibility to Neighborhood | ☐ | ☒ | ☐ | ☐ |
| Appeal and Marketability | ☐ | ☒ | ☐ | ☐ |

Comments (favorable or unfavorable incl. deferred maintenance)  QUALITY OF CONSTRUCTION CONSIDERED AVERAGE WITH NO SIGNIFICANT UPDATES NOTED.  PART FINISHED BSMT WITH 1/2 BATH

**MARKET COMPARABLE ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 106 W Cherry St RAHWAY | 84 W Emerson Ave RAHWAY | | 1554 Lenox Pl RAHWAY | | 71 W Cherry St RAHWAY | |
| Proximity to Sub. | | 0.15 miles SW | | 0.45 miles E | | 0.05 miles E | |
| Sales Price | $ | $ 400,000 | | $ 385,000 | | 435,000 | |
| Date of Sale and | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Time Adjustment | | 12/22/2021 | | 10/19/2021 | | 01/19/2022 | |
| Location | average | average | | average | | average | |
| Site/View | .10 ACRE/AVG | .10 ACRE/AVG | | .10 ACRE/AVG | | .10 ACRE/AVG | |
| Age | 122 | 122 | | 77 | | 122 | |
| Condition | average | average | | average | | avg, updated | -30,000 |
| Living Area Rm. | Total B-rms. Baths | Total B-rms. Baths | | Total B-rms. Baths | | Total B-rms. Baths | |
| Count and Total | 9  4  2.1 | 6  2  2 | +2,000 | 9  4  2.1 | | 8  4  2 | +2,000 |
| Gross Living Area | 1,764 Sq. Ft. | 1,761 Sq. Ft. | | 1,614 Sq. Ft. | +6,000 | 1,388 Sq. Ft. | +14,000 |
| Air Conditioning | NONE | CENTRAL AIR | -5,000 | NONE | | NONE | |
| Garage/Carport | none | none | | driveway | -3,000 | driveway | -3,000 |
| Porches, Patio, | none | porch | -3,000 | porch | -3,000 | patio | -1,000 |
| Pools, etc. | NONE | NONE | | NONE | | NONE | |
| Special Energy-Efficient Items | Typical | Typical | | Typical | | Typical | |
| Other | fin bsmt | unf bsmt | +5,000 | fin bsmt | | unf bsmt | +5,000 |
| Net Adjust. (Total) | | ☐+ ☒− $ | -1,000 | ☐+ ☐− $ | | ☐+ ☒− $ | -13,000 |
| Indicated Value Sub. | | $ | 399,000 | $ | 385,000 | $ | 422,000 |

General Comments  SEE ADDENDUM

Completed By JOHN MACK    Estimated Value $ 400,000  as of  JUNE 25, 2022

Signature  *John Mack*    Title NJLRA 42RA00320500    Date  07/02/2022

[Y2K]

Mack Appraisal Service
Form RVE - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**Supplemental Addendum**                                    File No. BL 148 LOT 16

| Borrower/Client | APRIL ROBINSON | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | | |
| City | RAHWAY | County | UNION | State | NJ | Zip Code | 07065 |
| Lender | APRIL ROBINSON | | | | | |

INTENDED USER:  THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND
OR ACCOUNTANT AND RELEVANT THIRD PARTIES.

INTENDED USE:  THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THE SUBJECT
FOR BANKRUPTCY PURPOSES.

SCOPE OF WORK:  THE SALES AND INCOME APPROACH TO VALUE WERE USED IN THIS REPORT.  THESE METHODS
BEST INDICATE ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY.  THE COST APPROACH TO VALUE WAS
INCOME APPROACH TO VALUE WAS CALCULATED BASED ON AVAILABLE RENTAL DATA.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT
ZONING.  THE LOT SIZE, SHAPE, PHYSICAL CONDITION AND LAND TO BUILDING RATIO ALLOW THE PRESENT
STRUCTURE AND INDICATE A GOOD UTILIZATION OF THE IMPROVEMENTS.  BASED ON CURRENT MARKET
CONDITIONS, THE PRESENT USE AND STRUCTURE AS A 2 FAMILY RESIDENCE IS ITS FINANCIALLY FEASIBLE AND
MAXIMALLY PRODUCTIVE USE.   THE SUBJECT IS LOCATED IN AN R-2 ZONE. (MEDIUM DENSITY SINGLE FAMILY
RESIDENTIAL ZONE, MINIMUM LOT SIZE 5,000 SQ FEET, THE SUBJECT'S USE IS LEGAL NONCONFORMING,
GRANDFATHERED USE)

INCOME APPROACH:  BASED ON A REVIEW OF CURRENT RENTAL DATA IN THIS SPECIFIC MARKET THE TOTAL
ESTIMATED GROSS MONTHLY RENT $3,000 X GROSS RENT MULTIPLIER (GRM) 135 = $405,000. (comparable rental data
reviewed from the garden state mls)

ADJUSTMENT BASED ON $4,000 PER FULL BATH.  GLA BASED ON $35 PER SQUARE FOOT AND ROUNDED.  ALL
SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

THE SUBJECT HAS NOT BEEN SOLD IN THE LAST 36 MONTHS.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

| Signature | | Signature | |
|---|---|---|---|
| Name  JOHN MACK | | Name | |
| Date Signed   07/02/2022 | | Date Signed | |
| State Certification # | State | State Certification # | State |
| Or State License #   42RA00320500 | State  NJ | Or State License # | State |

Form TADD2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**Subject flood map – Page 1**

REALIST

APN 13-00148-0000-00016 | CLIP 3155956518

📍 106 W Cherry St, Rahway, NJ 07065-3240, Union County

**STANDARD FLOOD MAP**

Flood Zone Determination
**OUT**

Flood Zone Legend ⓘ
- 500 or B Zone
- A Zone
- V Zone
- D Zone
- Floodway
- Coastal Barrier Resource Area
- Subject Property

| | |
|---|---|
| Special Flood Hazard Area (SFHA) | **Out** |
| Community Participation Status | **R - Regular** |
| Within 250 feet of multiple flood zone | **No** |
| Flood Zone Panel | **345314-0044** |
| Flood Zone Code | **X** |
| Panel Date | **September, 20, 2006** |
| County | **Union** |
| Original Panel Firm Date | **December, 23, 1971** |
| FIPS Code | **34039** |
| Coastal Barrier Resource Area (CBRA) | **Out** |
| Community Name | **Rahway, City Of** |

Flood Map  Courtesy of John Wick, NJMLS
The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be
independently verified by the recipient of this report with the applicable county or municipality. This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 07/02/22 01:41 PM UTC
Page 1/2

**Subject flood map – Page 2**

 **GLOSSARY**

 **Flood Zone Determination**

This report provides flood zone information based on the FEMA Flood Insurance Rate Maps(FIRMs). Also provides whether the property location is within a Special Flood Hazard Area (SFHA) and whether the property location is within 250 feet of the SFHA.

**SFHA (Flood Zone)**

Indicates whether the property location is In or Out of a Special Flood Hazard Area (100- Year floodplain).

**Panel**

Two-to-four-digit number and suffix assigned by FEMA for the map panel.

**Within 250 Feet of Flood Zone**

Provides a Yes or No response if the property is within 250 feet of the SFHA boundary.

**Panel Date**

Date of the FEMA map panel.

**Community**

A 6-digit community number code for the community.

**CBRA**

Coastal Barrier Resource Act (CBRA) protects areas that serve as barriers against wind and tidal forces caused by coastal storms, and serves as habitat for aquatic species.Returns In or Out, for identifying whether the property is located within a CBRA zone.

**Community Name**

Name of the community.

**Flood Zone**

Flood zone for the property location based on the FEMA FIRM.

**Map Number**

FEMA Map Number for the Flood Insurance Rate Map.

**FIPS Code**

The five-digit state and county FIPS code.

Flood Map   Courtesy of John Mack, NJMLS

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 07/02/22 01:41 PM UTC

Page 2/2

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**DEFINITION OF MARKET VALUE:**    The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.    Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.    (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

> \* Adjustments to the comparables must be made for special or creative financing or sales concessions.    No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.    Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.    Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

# STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**  The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.    The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.  The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.  The property is valued on the basis of it being under responsible ownership.

2.    Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.  The appraiser has made no survey of the property.

3.    The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4.    Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization.  These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5.    The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property.  The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  This appraisal report must not be considered an environmental assessment of the subject property.

6.    The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.  The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7.    The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8.    The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9.    The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgage or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.  The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10.    The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.  This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

File No. BL 148 LOT 16

**CERTIFICATION:**    The appraiser certifies and agrees that:

1.    The statements of fact contained in this report are true and correct.

2.    The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial and unbiased professional analyses, opinions, and conclusions.

3.    Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

4.    Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.    I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.    My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.    My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.    My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.    Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.    Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

**ADDRESS OF PROPERTY ANALYZED:**    106 W CHERRY ST, RAHWAY, NJ 07065

| **APPRAISER:** | **SUPERVISORY or CO-APPRAISER (If applicable):** |
|---|---|
| Signature: | Signature: |
| Name: JOHN MACK | Name: |
| Title: | Title: |
| State Certification #: | State Certification #: |
| or State License #: 42RA00320500 | or State License #: |
| State: NJ   Expiration Date of Certification or License: 12/31/2023 | State:    Expiration Date of Certification or License: |
| Date Signed: 07/02/2022 | Date Signed: |
| | ☐ Did  ☐ Did Not  Inspect Property |

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

| Borrower/Client | APRIL ROBINSON | | | | | | File No. | BL 148 LOT 16 |
|---|---|---|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | | | | |
| City | RAHWAY | | County | UNION | | State | NJ | Zip Code | 07065 |
| Lender | APRIL ROBINSON | | | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Report is one of the following types:

☒ Appraisal Report     (A written report prepared under Standards Rule    2-2(a) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ Restricted          (A written report prepared under Standards Rule    2-2(b) , pursuant to the Scope of Work, as disclosed elsewhere in this report,
Appraisal Report     restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

## Reasonable Exposure Time
(USPAP defines Exposure Time as the estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)
My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is:     WITHIN 3 MONTHS
FOR REALISTICALLY PRICED PROPERTIES.

## Comments on Appraisal and Report Identification
Note any USPAP related issues requiring disclosure and any State mandated requirements:
Prior services - The appraiser of this report, has not provided any prior services for the subject property in the 36 months prior to the effective date of the report.

APPRAISER:

Signature:
Name: JOHN MACK
State Certification #:
or State License #: 42RA00320500
State: NJ    Expiration Date of Certification or License: 12/31/2023
Date of Signature and Report: 07/02/2022
Effective Date of Appraisal: JUNE 25, 2022
Inspection of Subject: ☐ None ☒ Interior and Exterior ☐ Exterior-Only
Date of Inspection (if applicable): JUNE 25, 2022

SUPERVISORY or CO-APPRAISER (if applicable):

Signature:
Name:
State Certification #:
or State License #:
State:    Expiration Date of Certification or License:
Date of Signature:

Inspection of Subject: ☐ None ☐ Interior and Exterior ☐ Exterior-Only
Date of Inspection (if applicable):

## Subject Photo Page

| Borrower/Client | APRIL ROBINSON | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | | | |
| City | RAHWAY | County | UNION | | State | NJ | Zip Code 07065 |
| Lender | APRIL ROBINSON | | | | | | |



### Subject Front

106 W Cherry St
Sales Price
Gross Living Area        1,764
Total Rooms             9
Total Bedrooms          4
Total Bathrooms         2.1
Location                average
View                    .10 ACRE/AVG
Site
Quality
Age                     122



### Subject Rear



### Subject Street

## Subject Photo Page

| Borrower/Client | APRIL ROBINSON | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | | | |
| City | RAHWAY | County | UNION | | State | N.J. | Zip Code | 07065 |
| Lender | APRIL ROBINSON | | | | | | |



### Subject Front

| | |
|---|---|
| 106 W Cherry St | |
| Sales Price | |
| Gross Living Area | 1,784 |
| Total Rooms | 9 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.1 |
| Location | average |
| View | .10 ACRE/AVG |
| Site | |
| Quality | |
| Age | 122 |



### Subject Rear Yard



### Subject Street

**Interior Photos**

| Borrower/Client | APRIL ROBINSON | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | | |
| City | RAHWAY | County | UNION | State | NJ | Zip Code | 07065 |
| Lender | APRIL ROBINSON | | | | | |



unit 1



unit 1



unit 1



unit 1



unit 1



unit 1



unit 2



unit 2



unit 2



unit 2



unit 2



basement



basement



basement



basement

Form PICINT15 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

## Comparable Photo Page

| Borrower/Client | APRIL ROBINSON | | | | |
|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | |
| City | RAHWAY | County | UNION | State NJ | Zip Code 07065 |
| Lender | APRIL ROBINSON | | | | |



### Comparable 1

84 W Emerson Ave
| | |
|---|---|
| Prox. to Subject | 0.15 miles SW |
| Sale Price | 400,000 |
| Gross Living Area | 1,761 |
| Total Rooms | 6 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2 |
| Location | average |
| View | .10 ACRE/AVG |
| Site | |
| Quality | |
| Age | 122 |



### Comparable 2

1554 Lenox Pl
| | |
|---|---|
| Prox. to Subject | 0.45 miles E |
| Sale Price | 385,000 |
| Gross Living Area | 1,614 |
| Total Rooms | 9 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.1 |
| Location | average |
| View | .10 ACRE/AVG |
| Site | |
| Quality | |
| Age | 77 |



### Comparable 3

71 W Cherry St
| | |
|---|---|
| Prox. to Subject | 0.05 miles E |
| Sale Price | 435,000 |
| Gross Living Area | 1,388 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | average |
| View | .10 ACRE/AVG |
| Site | |
| Quality | |
| Age | 122 |

## Location Map

| Borrower/Client | APRIL ROBINSON | | | | |
|---|---|---|---|---|---|
| Property Address | 106 W CHERRY ST | | | | |
| City | RAHWAY | County UNION | | State NJ | Zip Code 07065 |
| Lender | APRIL ROBINSON | | | | |



**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 5 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance |

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

APRIL D. ROBINSON,

Debtor(s)

Case No.: _____22-14158 RG_____

Judge: _____Rosemary Gambardella_____

## Chapter 13 Plan and Motions

☒ Original     ☐ Modified/Notice Required

☒ Motions Included     ☐ Modified/No Notice Required

Date: _____JUNE 22, 2022_____

### THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____HR_____     Initial Debtor: _____AR_____     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____ ** _____ per ____ MONTH ____ to the Chapter 13 Trustee, starting on
_____ JUNE OF 2022 _____ for approximately _____ 60 _____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:

**   i. $400 per month, starting in June of 2022, through and including May of 2023 (12 Months)
      ii. $1,100 per month, starting in June of 2023, for a period of forty-eight (48) months

Increase in plan payments largely premised on additional rental income from Grandview property.

**Part 2:    Adequate Protection ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,800 |
| DOMESTIC SUPPORT OBLIGATION | | |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| PHH MORTGAGE/NEW REZ | MORTGAGE ARREARS RE: 86 GRANDVIEW AVENUE, NORTH PLAINFIELD, NEW JERSEY | $56,000 est. | N/A | $56,000 | Cont'd payments by the Debtor directly to PHH/New Rez, re-starting 6-1-2022 |

**c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments    ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Einhorn, Harris, et. al. New Century Financi New Century Financi New Century Financi Wardlaw Hartridge School | Judgment liens against 106 W. Cherry and 86 Grandview | $100,000 $6,282 $5,884 $2,327 $11,818 | $382,000 as to West Cherry $384,900 as to Grandview | Bank of America iao $440,663 as to W. Cherry PHH/New Rez iao $494,271 as to Grandview | No Value No Value | N/A N/A | No Value No Value |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender    ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

i. Bank of America, direct payments by the Debtor, no arrears, regarding mortgage encumbering real property located at 106 W. Cherry Street, Rahway, New Jersey.  Loan was modified (FHA Mortgage), before filing.  Continued payments by the Debtor, directly to Bank of America, no arrears.

ii. Rocket Mortgage/Quicken, direct payments by the Debtor, no arrears, regarding mortgage encumbering property located at 1021 Kenyon Avenue, Plainfield, New Jersey.  Continued payments by the Debtor, directly to Rocket Mortgage/Quicken, no arrears.

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases    ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions    ☐ NONE**

NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).    ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Einhorn, Harris, et. al. New Century Financial New Century Financial New Century Financial Wardlaw Hartridge School | Judgment liens against 106 W. Cherry and 86 Grandview regarding all judgments | $100,000 $6,282 $5,884 $2,327 $11,818 | $382,000 as to West Cherry $384,900 as to Grandview | Bank of America iao $440,663 as to W. Cherry PHH/New Rez iao $494,271 as to Grandview | No Value as to All Judgments | Entire Judgment Lien Regarding All Judgments. Note: No Personal Liability, Personal Liability Discharged in Earlier Chapter 7 Bankruptcy |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees and Supp.  Counsel Fees (Fully Paid before other claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:   Modification ☒ NONE**

---

**NOTE: Modification of a plan does not require that a separate motion be filed.  A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?      ☐  Yes      ☒  No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: JUNE 15, 2022                                    /S/ APRIL ROBINSON
                                                       Debtor

Date: _____                         _____
                                                       Joint Debtor

Date: JUNE 15, 2022                                    /S/ HERBERT B. RAYMOND, ESQ.
                                                       Attorney for Debtor(s)