UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Raymond and Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M. Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

Case No.: 22-14158 RG

Chapter: 13

In Re:

APRIL D. ROBINSON, DEBTOR

Adv. No.: _____

Hearing Date: August 17, 2022 @ 10:00 A.M.

Judge: Rosemary Gambardella

## CERTIFICATION OF SERVICE

1. I, _KENNETH RAYMOND :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for RAYMOND & RAYMOND, ESQS., HERBERT B. RAYMOND, ESQ., RECORD COUNSEL_, who represents the DEBTOR_ in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2. On AUGUST 25, 2022, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
    Loss Mitigation Order

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: AUGUST 25, 2022                    /S/ KENNETH RAYMOND_
                                         Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| PHH Mortgage Corp.<br>1 Mortgage Way<br>Mount Laurel, NJ 08054<br>Attn: Officer, Managing or General Agent or Any Other Agent Authorized By Appointment or By Law to Receive Service of Process<br>Attn: Robert B. Crowl, Ceo | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Robertson, Anschutz, Schneid, Crane &<br>Partners, PLLC<br>130 Clinton Rd #202<br>Fairfield, NJ 7004 | ATTORNEYS FOR SECURED CREDITOR/MORTGAGEE | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Name and Address of Party Served | Relationship of | Mode of Service |

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Raymond and Raymond, Attorneys at Law<br>7 Glenwood Avenue, 4th Floor, East Orange, NJ 07017  Phone: 973-675-5622; (408) 519-6711 Fax<br>Email: herbertraymond@gmail.com; Herbert Raymond; Jeffrey Raymond; Kevin de Lyon, Attorney for the Debtor(s) | Order Filed on August 24, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>APRIL ROBINSON, DEBTOR(S) | Case No.: 22-14158 RG<br>Chapter: 13<br>Judge: Gambardella |

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

DATED: August 24, 2022

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

☒ A Notice of Request for Loss Mitigation was filed by the debtor on June 23, 2022.

☐ A Notice of Request for Loss Mitigation was filed by the creditor, _____ on _____.

☐ The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property: 86 Grandview Avenue, North Plainfield, New Jersey 07063

Creditor: PHH Mortgage Corporation (New Rez)

☐ It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

☒ It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on 11/28/2022 (90 days from the date of entry of this order, unless an *Application for Extension or Early Termination of the Loss Mitigation Period* is filed under Section IX.B of the LMP.)

- The debtor must make monthly adequate protection payments to the creditor during the Loss Mitigation Period in the amount of $1,561.98 on the due date set forth in the note, including any grace period. See Section VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if such a motion is filed during the loss mitigation period, the court may condition the stay upon compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor may apply to terminate the Order as specified in Section IX.B. of the LMP and to obtain relief from the stay.

2

- Extension or early termination of the LMP may be requested as specified in Section IX.B of the LMP.

- If this case is dismissed during the loss mitigation period, loss mitigation is terminated effective on the date of the order of dismissal.

☒ It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 14 days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

☐ It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 14 days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*rev.12/17/19*

3