```
 1  Raymond and Raymond
    Attorneys at Law
 2  7 Glenwood Avenue, 4TH Floor
    East Orange, New Jersey 07017
 3  (973) 675-5622; (408) 519-6711 Telefax
    Email: herbertraymond@gmail.com
 4  Herbert B. Raymond; Jeffrey M. Raymond; Kevin de Lyon
    Attorneys for the Debtor(s)
 5  ----------------------------------------------------------------
    IN RE:                            | UNITED STATES BANKRUPTCY COURT
 6                                    | DISTRICT OF NEW JERSEY
                                      | CHAPTER 13
 7                                    | CASE NO.: 22-14158 (RG)
                                      |
 8   APRIL ROBINSON,                  |
                                      |
 9                                    |
                                      |
10     DEBTOR(S).                     |
                                      |
11  ----------------------------------------------------------------
```

**PROPOSED REALTOR'S CERTIFICATION**
**IN SUPPORT OF RETENTION APPLICATION**

MELISSA SOBERS, **OF FULL AGE, HEREBY CERTIFIES AS FOLLOWS:**

1. I am the broker/salesperson, regarding the real estate transaction in the above-captioned matter. I am filing this Certification to address and clarify issues, raised by the Trustee, regarding my retention and the real estate transaction. I believe this statement will resolve the questions that the Trustee has about the transaction.

2. The property located at 14 Willowmere Ave., Montclair, NJ, owned by the Debtor, Ms. Robinson, was listed in October, of 2024 and simultaneously in New Jersey MLS and Garden State MLS, to ensure the cooperation between brokers for buyers and brokers for sellers;, which is a benefit to consumers and Ms. April Robinson.

3. The proposed buyers rent adjacent to the property, at 12 Willowmere Avenue. They saw the for sale sign posted on the lawn of the Debtor's property. She, the proposed buyer, contacted me

and I had them complete the necessary documents before showing them 14 Willowmere Ave, the Debtor's property.

4. They were hoping to purchase 12 Willowmere Avenue, Montclair, New Jersey, from their landlord, however, their landlord no longer wishes to sell her home.

5. I did not know Ms.Castro or Ms. Guzman, the proposed buyers, prior to them contacting me to view the home.

6. This is a Dual Agency transaction, one of many that I have conducted in my twenty plus year career in real estate, and it is not uncommon. I have supplied informed consents and dual agency agreements for both the seller and the buyer. I have been the sole Seller's Agent for this property since Ms. Robinson took ownership.

7. There were two verbal all-cash offers from investors for $499,000 (Augusto DeLeon on or about 11/23/2024) and $500,000 (Raphael Inzlicht on 12/30/2024) which were below market value.

8. I have already provided, through Debtor's counsel, various documents pertaining to this transaction and I will not attach them again, unless requested.

9. I also provided to Debtor's counsel, which has been remitted to the Trustee, a property history, archive history, and the condition of the full bathroom.

10. They reflect the reduction in price over time and the condition of the only bathroom in the home in need of upgrading.

11. While the home was placed on the market in the fall, inventory below $800,000 was extremely low; the home was often the only home on the market under $700,000. The seller wanted to secure the highest offer possible. Buyers remorse increased as

home interest rates continued to rise, the general elections approached and winter approached (slow season). It is my belief that if the house had been placed on the market in March/April of 2024, it would have sold near the initial asking price, as others in the same condition did.

12. The second floor of the house was not renovated, as the first floor. Therefore that offer reflects the home price accurately in my opinion as a broker and real estate agent.

13. To summarize, the house was listed appropriately through two MLS Boards and received showings each month, extensively. There was interest by investors (under market value), some of which offered all cash. Offers were refused by Ms. Robinson.

14. The neighbor, Ms. Guzman, who has been renting the house next door for approximately seven months contacted me to view the home. She signed required documents before entering the home with her mother and daughter. Thereafter, she asked me to submit an offer to purchase the home since her current landlord no longer wished to sell. 14 Willomere Avenue is a replica of 12 Willowmere Avenue, where she currently rents.

15. At such time, Ms. Robinson's agreement to use my services as a Seller's Agent changed to a Dual Agent Agreement (because my Broker represents the Seller and the Buyer now). All agency agreements were signed upon first meeting with each of my clients.  Therefore, there are two commission statements, one as a Seller's Agent and one as a Buyer's agent. These are not typically produced until closer to closing, they were provided and Debtor's Counsel provided these documents to the Trustee.

16. Ms. Robinson agreed and signed a Cooperating Buyers

1  Agency Agreement offering $3,000.00 to a Buyer's Agent. It was
2  also agreed upon that if I secured the buyer it would not apply
3  to me,  but to other agents in my office. Since I secured the
4  buyer, Ms. Robinson's commission statements were updated to
5  remove the $3,000.00 payment on the buyer's agency agreement.
6        17. My record Broker Dorit Cohen approved the reduction of
7  commission and signed off on the modification of paperwork.
8        18. The home is at a fair market price today, as it was when
9  Ms. Guzman's offer was submitted. To date, her mortgage company
10 has notified me of her conditional approval on March 10, 2025,
11 and her closing disclosure was sent on April 4, 2025. I
12 anticipate that all of her mortgage conditions will be satisfied
13 the week of 4/14/2025, and a clear-to-close will be ready by
14 month's end.
15       19. With the new NAR ruling there is an exhaustive amount of
16 paperwork, and twice that for dual agency.
17       20. For the foregoing reasons, I believe it is abundantly
18 clear that the sale price represents fair market value and I am
19 disinterested and without conflict, and the Court should approve
20 my retention as the Debtor's real estate broker and ultimately
21 approve the commission through the real estate sale motion.
22       21. I certify that this information is true and correct to
23 the best of my knowledge.
24 Dated: April 25, 2025
25
26                              /S/ MELISSA SOBERS
                                -----------------------------------
27                              PROPOSED REAL ESTATE BROKER
                                TO THE DEBTOR
28