Order Filed on May 7, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Raymond & Raymond
Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
Telephone: (973) 675-5622
Telefax: (408) 519-6711
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.
Jeffrey M. Raymond, Esq.
Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

  APRIL D. ROBINSON, DEBTOR(S)

Case No.: 22-14158 MEH

Adv. No.:

Hearing Date: 5/7/2025 @ 10:00 A.M.

Judge: Mark E. Hall, U.S.B.J.

ORDER AUTHORIZING REAL PROPERTY SALE

The relief set forth on the following pages, two (2) through four (4) is hereby **ORDERED**.

**DATED: May 7, 2025**

Honorable Mark E. Hall
United States Bankruptcy Judge

Page 2
Debtor: April D. Robinson, Debtor(s)
Case no.: 22-14158 MEH
Caption of order: Order Authorizing Real Property Sale

Debtor, April D. Robinson, by and through her counsel, Raymond & Raymond, Esqs., Herbert B. Raymond, Esq., Record Counsel, Kevin L. Delyon, Esq. (Appearing, if applicable), having filed a Motion To Sell Real Property and a Notice of Proposed Private Sale, and the Motion having been served on all Applicable Parties by Debtor's Counsel, and the Notice of Proposed Private Sale, having been sent, by the Court, through court noticing, to all creditors and/or parties in interest, in the case, and no objection to the Notice of Motion For Authorization to Sell Real Property or the Notice of Proposed Private Sale, having been filed, and/or all objections to the Motion and/or Notice of Proposed Private Sale, having been resolved or withdrawn and/or for good cause having been shown, **IT IS HEREBY ORDERED:**

1. The Debtor is authorized to sell Real Property, located at 14 Willowmere Avenue, Montclair, New Jersey 07042, upon the terms and conditions of the real estate sale contract and/or addendum(s) and/or supplement(s), filed as an exhibit, in support of the motion, pursuant to 11 U.S.C. Sections 363(b) and 1303

2. The sale proceeds must be applied to completely and fully satisfy any ordinary course, outstanding statutory or municipal obligations, pertaining to the property, including, but not limited to real estate taxes/tax liens, garbage charges and/or water/sewer charges and/or water/sewer liens. Any such obligation(s) must be paid, in full, at closing, pursuant to statement provided by the municipality

Page 3

Debtor: April D. Robinson, Debtor(s)

Case no.: 22-14158 TBA

Caption of order: Order Authorizing Real Property Sale

---

3. Judgments against the property or the Debtor, which were avoided in the bankruptcy through the Chapter plan motion provisions and will be discharged and cancelled upon plan completion, held by Einhorn, Harris, et. al., New Century Financial Services, Inc. (Three Judgments), and Wardlaw-Hartridge School, are not to be paid

4. Gregg Jensen, Esq., proposed Real Estate Counsel to the Debtor, is to be paid the sum of $3,000, for legal fees, at closing, consistent with the retention application and retainer agreement to be filed, upon entry of the real estate counsel retention order.  The funds to cover the fees are to be held in escrow/trust, by the title company or closing counsel, pending entry of the real estate counsel, special counsel, retention order

5. Realtyline, Inc., proposed Real Estate Broker to the Debtor, is to be paid the sum of $27,000 at closing, representing five (5%) percent of the contract sale price, consistent with the retention application to be filed, upon entry of the real estate broker retention order.  The funds to cover the commissions are to be held in escrow/trust, by the title company or closing counsel, pending entry of the real estate broker retention order

6. Other ordinary course closing fees and costs, must be satisfied from the sale proceeds

7. The sum of $65,957, of the sale proceeds, are to be

Debtor: April D. Robinson, Debtor(s)

Case no.: 22-14158 TBA

Caption of order: Order Authorizing Real Property Sale

___

remitted to bankruptcy counsel, Raymond & Raymond, Esqs., made payable to Marie-Ann Greenberg, Esq., Chapter 13 Trustee, to address plan obligations, completely paying off the plan, paying 100% of plan obligations

    8. A copy of the signed settlement statement, must be provided, to Debtor's bankruptcy counsel, to be provided to the Chapter 13 Trustee, through Debtor's counsel, within fourteen (14) days of closing

    9. Other Provisions:

      a. The Debtor reserves the right to challenge any payoff statement, quote, letter, etc. Paying off any obligation, at closing, does not preclude the Debtor from later challenging the amount due and owing as to any obligation. Paying off any closing obligation, including but not limited to any lien, judgment, mortgage or statutory obligation, does not prejudice or preclude the Debtor, from later challenging the amount due

      b. The fourteen (14) day stay, provided by Bankruptcy Rule 6004(h), be and is hereby waived. The sale may proceed immediately

    10. The Order shall be deemed void, if the sale is not completed, within one hundred and twenty (120) days, from entry of this order